IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDY L. C.,<br><br>                Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security Administration,<br><br>                Defendant. | Case No. 17-CV–306-CVE-FHM |

## **REPORT AND RECOMMENDATION**

Plaintiff, Candy L. C., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

In a prior decision, dated March 26, 2009, Plaintiff was granted a closed period of disability from February 1, 2007 to February 20, 2009. [R. 22, 68, 76]. The prior decision recites that at the March 5, 2009 hearing, Plaintiff's counsel requested a closed period of disability from February 1, 2007 to February 19, 2009. [R. 68]. That decision further recites that counsel stated Plaintiff "has had a marked improvement in her medical status and that her physician would soon release her to return to work." [R. 74]. Plaintiff's current application, filed August 14, 2014, was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held February 2, 2016. By decision dated March 9, 2016, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 5, 2017. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Plaintiff was 44 years old on the amended date of alleged onset of disability (February 20, 2009) and 46 on the date last insured (June 30, 2011). She has an 11th grade education and training as a certified nurse aide and formerly worked as a certified nurse aide and caregiver. She claims to have been unable to work since February 20, 2009 as a result of back pain following two back surgeries that pre-dated the alleged onset

date, hip and ankle problems, and hand problems due to right ulnar neuropathy and carpal tunnel syndrome.

## The ALJ's Decision

The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work from the alleged date of onset, February 20, 2009 to the date last insured, June 30, 2011.  Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently.  In an 8-hour workday she could stand/walk for 6 hours and sit for 6 hours, occasionally stoop, kneel, crouch, and crawl.  Climbing ramps and stairs could be done frequently, but she could never climb ladders, ropes, or scaffolds.  She could frequently, but not constantly handle and finger with her dominant right hand.  [R. 25].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the RFC as to her physical impairments is not supported by substantial evidence.

## Analysis

The ALJ gave great weight to the opinions of the state agency consultants, Shelly Venters, M.D. and Herbert Meites, M.D.  [R. 28].  Based on their review of Plaintiff's

3

medical records these doctors opined that Plaintiff could perform light work.  Dr. Venters found that Plaintiff had additional limitations which the ALJ included in the RFC.  [R. 103-106].  Plaintiff argues that the ALJ erred in relying on the opinions of these state agency consultants because they did not examine or treat Plaintiff.  Plaintiff concludes, therefore, that their opinions do not constitute substantial evidence to support the ALJ's decision.  This argument is rejected.  Although the ALJ is not bound by the findings made by the state agency medical or psychological consultants, the Commissioner's regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence.  20 C.F.R. § 404.1527(e)(2)(I); 20 C.F.R. § 416.927(e)(2)(I).

Dr. Horton, a treating physician, completed a Medical Source Statement of Ability to Do Work-Related Activity (Physical) form dated July 24, 2014, in which Dr. Horton opined that Plaintiff had lift/carry and handling limits in accord with the ALJ's RFC finding, but he limited Plaintiff to one hour of standing/walking in a workday and to only four hours of sitting.  Dr. Horton stated those limitations had been in place since 2007.  [R. 807-812].  The ALJ rejected Dr. Horton's standing/walking/sitting limitations as being not justified by the evidence.  Plaintiff argues that the ALJ erred by rejecting Dr. Horton's opinion.

During the relevant time frame, Dr. Horton saw Plaintiff once, on December 21, 2009 for a follow-up of back pain.  At that visit she complained that her legs "jump a lot."  [R. 517].  Plaintiff's last previous visit to Dr. Horton was on August 26, 2008 when she was seen for a kidney infection.  [R. 513].  Her next visit to Dr. Horton was after the relevant time frame.  She was seen in April 2013 for a sore throat, [R. 814], followed by visits in June 2014 and July 2014 for complaints of back pain.  [R. 820 - 824].  The undersigned

finds that Dr. Horton's records reflect only one visit during the relevant time frame. Based on the content of Dr. Horton's records which do not document findings related to Plaintiff's ability to sit, stand, or walk during the relevant time frame, the undersigned finds that substantial evidence supports the ALJ's conclusion that Dr. Horton's 2014 opinion is not justified by the evidence.

Dr. Trinidad examined Plaintiff twice for Worker's Compensation purposes, September 30, 2009, [R. 534-538], and August 4, 2010, [R. 530-533]. Dr. Trinidad opined that Plaintiff was 100% disabled. [R. 532]. The ALJ gave Dr. Trinidad's opinion little or no weight for the reason that she found there was no basis for such a conclusion in Dr. Trinidad's report. [R. 28].

Plaintiff argues that the ALJ erred in rejecting Dr. Trinidad's opinion because his examination report contained other findings the ALJ did not mention: bilateral lateral bending at 0 degrees; weakness in the right leg in an L4, L5 and S1 distribution, spasm and tenderness in the lumbar spine, and weakened grip strength. [R. 531]. Plaintiff states the findings of antalgic gait, positive straight leg raising, and decreased reflexes are also found elsewhere in the record. While the medical record contains periodic findings of antalgic gait, positive straight leg raising, and problems getting on and off the exam table or raising from a seated position to standing, the record also contains entries throughout the relevant time frame where Plaintiff had no gait problems, no trouble getting on and off the examination table, and normal leg strength was recorded.[1] On some occasions, Plaintiff

---

[1] 3/18/2009 [R. 479] (physical Therapy) flex to 50 degrees; 7/23/2009 [R. 437] (Dr. Gaede) intact gait, ROM forward 45 degrees, extension 15 degrees; 40 lb permanent lifting restriction; 9/30/2009 [R. 534] (Dr. Trinidad) antalgic gait, SLR negative, ROM flex 25 degrees, extension 0 degrees, normal sensations, weakness in right leg, opinion for Worker's Compensation disabled; 12/21/2009 [R. 517-518] (Dr. Horton)
(continued...)

complained of extreme back pain, but her urinalysis failed to reveal the presence of prescribed medications.

While there is evidence in the record which Plaintiff considers to be contrary to the ALJ's RFC finding, the mere presence of such evidence does not deprive the ALJ's RFC findings of support by substantial evidence. The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). The term "substantial evidence" does not mean undisputed or unequivocal. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994). Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by

---

[1] (...continued)
complains of legs jumping, decreased ROM, antalgic gait; 4/25/2010 [R. 521] (Consultative Examination) doesn't do much ROM, Flex 23 degrees, ext. 4 degrees, no neuro deficits, SLR positive, normal gait; 7/13/2010 [R. 620-621] (Dr. Bernard) equal strength in extremities, no problems getting on and off table, gait steady; 8/12/2010 [R. 623] (Dr. Bernard) no pain meds, pain to palpation, trouble getting from sitting to standing, antalgic gait; 9/10/2010 [R. 635-36] (Dr. Bernard) lumbar injection, muscle strength 5/5, ambulate without difficulty or device; 9/13/2010 [R. 633] (Dr. Bernard) no unusual fatigue or weakness, ambulates without device, low back WNL except paint to palpation; 11/1/2010 [R. 637] (Dr. Bernard) presents for block injection, muscle strength 5/5 no focal motor deficit, palpation produced severe pain at L3-4 and hardware type pain; 12/10/2010 [R. 639] (Dr. Bernard) toradal injection, no objective findings recorded; 12/17/2010 [R. 640], (Dr. Bernard) u/a negative for medication, no problems getting on and off table, ambulates without device, positive SLR; 2/23/2011[r 642](Dr. Bernard) no problems getting on and off table, ambulates without device, negative SLR, offered cane for tripping over things–refused cane; 4/23/2011 [R. 644](Dr. Bernard) medication follow-up, ambulates with antalgic gait, problems getting from sitting to standing, meds changed, toradal injection; 6/30/2011–Date Last Insured; 7/15/2011 [R. 646] (Dr. Bernard) medication follow-up, no problems getting on and off table, ambulates well, 8/23/2011 [R. 648] toradal injection intra muscular; 9/15/2011 [R. 649] (Dr. Bernard) undersigned negative for medications, ambulates well, negative SLR.

that contrary evidence.  The undersigned finds that Plaintiff has pointed out the existence of contrary evidence in the record, but not the absence of substantial evidence to support the ALJ's RFC finding.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before October 29, 2018.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 15th day of October, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE