## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

CANDY L. CHANDLER,          )
                            )
        **Plaintiff,**       )
                            )
v.                        )     **Case No. 17-CV-0306-CVE-FHM**
                            )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social Security    )
Administration,           )
                            )
                            )
        **Defendant.**      )

## OPINION AND ORDER

Now before the Court is the report and recommendation (Dkt. # 20) of Magistrate Judge Frank H. McCarthy recommending that the Court affirm the decision of the administrative law judge (ALJ) to deny plaintiff Candy L. Chandler's claim for disability benefits. Plaintiff filed an objection to the report and recommendation, arguing that the Court should reverse and remand the case because the ALJ failed to consider certain medical opinions in accordance with relevant regulations and rulings (Dkt. # 21). In response, defendant argues that the ALJ's decision is supported by substantial evidence and is a correct application of law and regulations (Dkt. # 22).

## I.

In a prior decision, dated March 26, 2009, plaintiff was granted a closed period of disability from February 1, 2007 to February 19, 2009. Dkt. # 11-3, at 7-15. In August 2014, plaintiff filed her current application for disability benefits with the Social Security Administration (SSA). Dkt. # 11-5, at 2. Plaintiff has an 11th grade education and training as a certified nurse aide, and she formerly worked as a certified nurse aide and caregiver. Dkt. # 11-6, at 33, 43. Plaintiff alleges that

she has been unable to work since February 20, 2009 as a result of back pain resulting from two back surgeries, carpal tunnel syndrome, right ulner neuropathy, degenerative disk disease of the lumbar spine, and hip and ankle problems. Id. at 42. Plaintiff's application for disability benefits was denied initially and on reconsideration. Dkt. # 11-4, at 4-8, 10-13. Plaintiff requested a hearing before an ALJ. Id. at 14-15. Prior to the hearing, the ALJ was provided with certain medical evidence, including the medical opinions of plaintiff's treating physician Terry Horton, M.D., her twice-examining physician Kenneth Trinidad, D.O., and Disability Determination Services (DDS) consultants Herbert Meites, M.D., and Shelley Venters, M.D.

On February 2, 2016, ALJ Deborah L. Rose held a hearing, and plaintiff attended and was represented by counsel. Dkt. # 11-2, at 38. Plaintiff testified that she has had two surgical procedures on her back, but her back pain has not improved with surgery. Id. at 46, 49. Further, plaintiff testified that her back problems cause her to walk with a limp at all times. Id. at 48. In turn, the limp causes constant pain to her right knee and her hips. Id. Plaintiff also testified that she has issues with her right arm and wrist due to carpal tunnel syndrome, and that it takes her a while to pick things up off a desk with her right hand and right arm. Id. at 50. Plaintiff was asked a series of questions about her physical limitations. Plaintiff estimated that she can lift about ten pounds. Id. at 52. Plaintiff testified that she is not able to kneel without someone helping her get back up. Id. at 53. Plaintiff also estimated that she can remain seated continuously or remain standing continuously for about 20 minutes before getting really uncomfortable. Id. at 53-54. Plaintiff testified that she probably could not alternate between standing and sitting for an 8-hour period, and that doing so would cause her to recover in bed for about two days. Id. at 54. Finally, plaintiff

testified that she is not able to go up and down stairs very well because it hurts her back and her knee. Id. at 55. If she does use the stairs, she has to go up one step at a time. Id.

In a decision dated March 9, 2016, the ALJ denied plaintiff's claim for disability benefits. Id. at 26. The ALJ found that plaintiff has the residual functional capacity (RFC) to perform light work with the following limitations:

> [Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently. In an 8-hour workday, she is able to stand/walk for 6 hours and sit for 6 hours. She could occasionally stoop, kneel, crouch, and crawl. Climbing ramps and stairs can be done frequently, but she could never climb ladders, ropes, or scaffolds. The claimant can frequently, but not constantly handle and finger with her dominant right hand.

Id. Based on this finding, the ALJ determined that plaintiff was not under a disability from February 20, 2009, the alleged onset date, through June 30, 2011, the date last insured. Id. at 31.

Plaintiff requested review of the ALJ's adverse decision by the Appeals Council, but the Appeals Council found no basis under its rules to review the decision. Id. at 2, 10. Plaintiff filed this case seeking judicial review of the ALJ's decision, arguing that the ALJ's decision is not in accordance with the law and is unsupported by the substantial evidence of the record as a whole. Dkt. # 2, at 2. The matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the ALJ's decision be affirmed, finding that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and that there is substantial evidence in the record to support the ALJ's decision. Dkt. # 20.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation.

Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

Plaintiff objects to the magistrate judge's report and recommendation, arguing that the ALJ failed to consider the relevant regulatory factors when assigning little-to-no weight to certain opinions of Drs. Horton and Trinidad, and "great" weight to the opinions of Drs. Meites and Venters. Therefore, plaintiff argues, the ALJ's RFC determination is unsupported by the substantial evidence of the record as a whole.

The SSA has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis. Dkt. # 11-2, at 30. At step five, the ALJ must consider a claimant's RFC, age, education,

and work experience to determine if other work exists that a claimant is able to perform.  Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).  If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled.  42 U.S.C. § 423(d)(2)(A).  However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC.  Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010).  The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process.  Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence.  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004).  The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

In determining whether a claimant is disabled, the ALJ must evaluate every medical opinion in the case record.  20 C.F.R. § 404.1527(b).  Section 404.1527 sets out the requisite legal standard for evaluating medical opinions, but notes that the analysis differs slightly when evaluating a treating physician's opinion as opposed to a non-treating physician's opinion.  When evaluating a

treating physician's opinion under § 404.1527, "'the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct.'" Brownrigg v. Berryhill, 688 F. App'x 542, 548 (10th Cir. Apr. 19, 2017)[1] (quoting Krauser v. Astrue, 638 F.3d 1324, 1330 (10th Cir. 2011)). First, the ALJ must determine whether the medical opinion qualifies for "controlling weight." Id. A treating physician's medical opinion is given controlling weight if, on the issues of the nature and severity of the plaintiff's impairments, the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." § 404.1527(c)(2). If the treating physician's opinion is entitled to controlling weight, the ALJ's analysis of the weight of that opinion is complete. However, if the ALJ determines that the medical opinion is not entitled to controlling weight, or if the ALJ is evaluating a non-treating physician's opinion (which includes opinions of DDS consultants[2]), the ALJ must move onto step two and apply the following factors to determine how much weight to give the medical opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

---

[1]    This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 31.1; 10th Cir. R. 32.1.

[2]    Section 404.1513a provides that state agency medical consultants, such as DDS consultants, are considered "highly qualified and experts in Social Security disability evaluation"; therefore, ALJs must consider medical evidence from DDS consultants in accordance with, inter alia, § 404.1527. § 404.1513a(b)(1).

Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003). The Court turns to whether the ALJ evaluated the medical opinions in accordance with these legal standards.

Dr. Horton is one of plaintiff's treating physicians, because he had an "ongoing treatment relationship" with plaintiff for approximately seven years prior to plaintiff's application for disability benefits in 2014. § 404.1527(a)(1). Therefore, the ALJ was required to apply the two-step inquiry when evaluating Dr. Horton's medical opinions. The relevant medical opinions for the purposes of the Court's analysis are contained in Dr. Horton's medical source statement of ability to do work-related physical activities dated July 31, 2014.[3] Dkt. # 11-9, at 39-45. In the medical source statement, Dr. Horton opined that plaintiff can lift or carry up to 10 pounds on a frequent basis. Id. at 39. Further, Dr. Horton opined that plaintiff can sit continuously for up to 1 hour (but not more than 4 hours total in an 8-hour workday), stand continuously for up to 15 minutes (but not more than 1 hour total in an 8-hour workday), and walk continuously for up to 30 minutes (but not more than 1 hour total in an 8-hour workday). Id. at 39-40. Dr. Horton opined that plaintiff can never perform the following activities: climb stairs and ramps; climb ladders or scaffolds; kneel; crouch; or crawl. Id. at 42. However, Dr. Horton opined that plaintiff can balance and stoop occasionally. Id.

The extent to which the ALJ's decision addresses Dr. Horton's medical source statement is the following:

> Limited weight is given t[o] Dr. Terry Horton's Medical Source Statement of Ability to do Work Related Activities (Physical) (Exhibit B19F). Dr. Horton's finding of a 20 pound occasional and 10 pound frequent lifting/carrying limit is in accord with

---

[3]    The record also contains Dr. Horton's office treatment records dated February 13, 2006 through January 9, 2015. Dkt. # 11-9, at 46-61, 84-93; Dkt. # 11-7, at 201-228. The office treatment records contain diagnoses, including chronic back pain and mixed hyperlipidemia, as well as various laboratory results.

the evidence. That finding and the finding the claimant can handle frequently with both hands affirm the claimant's right ulner neuropathy is not disability. However, Dr. Horton's limitation to just one hour of stand[ing]/walking during an eight hour workday is not justified by the evidence. Also not justified is his limitation to four hours of sitting. Dr. Gaede of Oklahoma Spine and Brain Institute wrote Ms. Chandler's films showed what appeared to be a solid fusion from the claimant's two back surgeries. With a solid fusion and no findings of disk herniation or central canal stenosis, there is no basis for Dr. Horton's strict postural limitations.

Dkt. # 11-2, at 29. Therefore, the ALJ gave no weight to Dr. Horton's opinions that plaintiff is limited to standing for up to 1 hour total, walking for up to 1 hour total, and sitting for up to 4 hours total, and, instead, found that plaintiff can stand/walk for 6 hours and sit for 6 hours. Moreover, the ALJ's decision does not mention, and thus gives no weight to, Dr. Horton's opinions that plaintiff can never climb ramps or stairs, stoop, kneel, crouch, or crawl. Nonetheless, the ALJ found that plaintiff can frequently climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl.

The Court finds that the ALJ failed to evaluate Dr. Horton's medical opinions contained in the medical source statement in accordance with the requirements outlined in § 404.1527. The ALJ's explanation for assigning no weight to Dr. Horton's opinions regarding plaintiff's limitations for standing, walking, and sitting is limited to her determination that those opinions are "not justified by the evidence." The ALJ determined that, because those opinions are inconsistent with the opinions of another treating physician, Dr. Gaede, Dr. Horton's opinions are entitled to no weight. However, while the existence of inconsistent evidence, without more, allows an ALJ to determine that a treating physician's opinion is not entitled to controlling weight, the ALJ may not rely solely on inconsistent evidence to determine that a treating physician's opinion is entitled to no weight whatsoever. Moreover, when an ALJ relies on inconsistent evidence to determine that a treating physician's opinion is not entitled to controlling weight, the ALJ is still required to apply the factors listed above to determine how much weight to give the treating physician's opinion. Here, the ALJ

determined that Dr. Horton's opinion should be given no weight without even mentioning the six

factors listed above, let alone "giv[ing] good reasons, tied to th[ose] factors" for the weight assigned.

Krauser, 638 F.3d at 1330.  Similarly, the ALJ discounted entirely Dr. Horton's medical opinions

regarding plaintiff's limitations for stooping, kneeling, crouching, crawling, and climbing ramps and

stairs by reaching conclusions that are inconsistent with those statements and by failing to address

those opinions to any extent.  In doing so, the ALJ did not apply either step of § 404.1527(c)(2)'s

two-step inquiry to evaluate those opinions.  Therefore, the Court finds that the ALJ failed to apply

to correct legal standard in evaluating Dr. Horton's medical opinions contained in the medical

source statement.[4]  Accordingly, the case should be reversed and remanded for an evaluation of the

medical opinions in accordance with the legal standards established by the Commissioner and the

courts.

---

[4]     Because the Court finds that the ALJ failed to apply the correct legal standard in evaluating
Dr. Horton's opinions, the Court need not address the ALJ's analyses of Dr. Trinidad's
opinions or the opinions of the DDS consultants, Dr. Venters and Dr. Meites.  However, the
Court notes that Dr. Venters and Dr. Meites are non-treating physicians, because neither
physician examined or treated plaintiff.  The Court also considers Dr. Trinidad to be a non-
treating physician.  Dr. Trinidad examined plaintiff on two occasions only, and at the request
of plaintiff's attorney in connection with plaintiff's workers' compensation case.  Dkt. # 11-
7, at 239, 243.  Therefore, plaintiff's relationship with Dr. Trinidad "is not based on [her]
medical need for treatment or evaluation, but solely on [her] need to obtain a report in
support of [her] claim for disability."  § 404.1527(a)(2); see Althouse v. Colvin, No. 4:12-
CV-21-TLW, 2013 WL 3729199, at *9 (N.D. Okla. July 12, 2013).  Therefore, in
determining how much weight to assign the opinions of Dr. Trinidad, Dr. Venters, and Dr.
Meites, the ALJ must apply the factors listed in § 404.1527(c).

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 20) is **rejected**, and the decision of the Commissioner of the Social Security Administration is **reversed and remanded**. A separate judgement is entered herewith.

**DATED** this 29th day of November, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE